IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY OLLEN ROYSTER #353919 * | |
| Plaintiff, | |
| v.   * | CIVIL ACTION NO.  PJM-10-2121 |
| PATRISHA JASIME,   * | |
| MAYOR SHELIA ANN DIXON | |
| SGT. GORDON M. SCHLUDERBERG JR.   * | |
| THE BALTIMORE CITY POLICE | |
|   DEPARTMENT   * | |
| THE COMMISSIONER | |
| JEFFREY PiPAOLA   * | |
| Defendants. | |
| *** | |

**MEMORANDUM OPINION**

Self-represented plaintiff Anthony Ollen Royster ("Royster") brings this action under 42 U.S. C. § 1983 against the Baltimore Police Department ("BPD"), Commissioner Frederick H. Bealefeld, III ("the Commissioner'), former Baltimore City Mayor Sheila Ann Dixon, Sgt. Gordon M. Schluderberg, Jr. ("Schluderberg") and Officer Jeffrey DiPaola ("DiPaola"),[1] alleging he was subjected to first-degree assault and constitutional and tort violations when he was shot incident to his arrest.[2]  Now pending are Motions to Dismiss filed by counsel on behalf of the BPD and Commissioner (ECF No. 12),  former Mayor Dixon (ECF No. 13), and Sgt. Schluderberg and Officer PiPaola (ECF No. 19 and supplemented by ECF No. 25).  Royster has filed an opposition. (ECF No. 23).

This Court has reviewed the submissions and finds not hearing is not necessary to render a decision on the pleadings. *See* Local Rule 105.6 (D. Md. 2011).   For reasons that follow, this Court

---

[1]   Officer DiPaola's last name is misspelled in the Complaint.  The docket will be amended to reflect the correct spelling.

[2]   Service of process has not been obtained on former Baltimore City State's Attorney Patricia Jessemy whose name was misspelled in the Complaint.  Royster alleges Ms. Jessemy failed to investigate the facts of his case properly, but provides no factual or legal grounds in support, thus suggesting his claims  against Patricia Jessemy would be subject to

will GRANT the Motions to Dismiss filed by BPD and the Commissioner (ECF No. 12) and former Mayor Sheila Dixon (ECF No. 13), and DENY the Motion to Dismiss filed by Sgt. Schluderberg and Officer DiPaola (ECF Nos. 19 and 25). The Court will grant Royster, who is proceeding in this case in forma pauperis, twenty-eight to file a Motion for Appointment of Counsel.

## I. BACKGROUND

In ruling on a motion to dismiss, the factual allegations in Plaintiff's Complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### A. September 12, 2007[3] Shooting

Sgt. Schluderberg and Officer DiPaola arrested Royster in Baltimore City on September 12, 2007. Royster alleges that Sgt. Schluderberg assaulted him by shooting him in the back. Complaint, ¶ 3. Royster also claims that Schluderberg falsely accused him of pointing a gun in order to justify the shooting. *See id*

### B. Charges and Convictions

After his arrest, Royster was charged with first- and second-degree assault on Sgt. Schluderberg, carrying a handgun, illegally possessing a handgun, and possession of cocaine with intent to distribute. ECF No. 12, Schluderberg Ex. 2, p. 2. A jury sitting in the Circuit Court for Baltimore City acquitted Royster of both assault charges and convicted him of the remaining charges. *See id.* Royster was sentenced to a total term of forty years incarceration.

### C. Royster's Claims

Royster is suing the BPD, the Commissioner and Officer DiPaola for "not properly investigating

---

dismissal
[3] Although unspecified in the Complaint, the incident took place in 2007. See ECF No. 12, Ex. 1,Verdict Sheet.

the corrupted officers in each district and their unjustified involved shootings of the citizens of the City of Baltimore of which include myself." *Id*. He faults former Mayor Sheila Dixon because the incident "was under her watch while she was still the mayor of Baltimore City." Complaint, ¶ 3. As relief Royster wants Sgt. Schluderberg fired, damages awarded, and vacatur of his forty-year prison sentence. Complaint, ¶ 4.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a) (2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b) (6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards* 178 F.3d at 243 (4th Cir.1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mortgage and Loan Investment, LLC*, 634 F.3d 754, 768 (4th Cir. 2011). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic

---

Criminal Cases No. 507305006 and 108099038 (Cir. Ct. Balt. City).

recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal,* _U.S. _, 129 S.Ct. 1937, 1949 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id*. at 1950.

This Court is mindful that Royster is self-represented and has liberally construed the Complaint. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

### III.  ANALYSIS

#### A.   BPD and the Commissioner

The BPD and Commissioner move for dismissal of the claims against them for failure to state a cause of action under 42 U.S.C. §1983, asserting that Royster has pleaded no facts to indicate they have committed a constitutional tort against him. Additionally, they assert the incident in question was not the product of a custom and practice of unconstitutional policies adopted by the BPD nor approved by the Commissioner.

##### 1.   Municipal Liability

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable." Municipalities are liable under section 1983 when "the constitutionally offensive acts of city

4

employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 694). A plaintiff may establish the existence of a policy or custom in several ways: "1) through an express policy, such as a written ordinance or regulation; 2) through the decisions of a person with final policymaking authority; 3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or 4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir .2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999)).

Royster neither identifies any policy or custom that allegedly caused his injury nor provides a factual predicate to suggest such a policy or practice. He does not allege any decisions rendered by the Commission, deficiencies in police training, or a widespread pattern or practice of improper use of force to support his § 1983 claim. Instead, Royster advances a single conclusory allegation of failure to investigate corrupt officers in each district of the City of Baltimore. Complaint, ¶ 3. His reasoning appears to be that if the BPD and Commissioner had investigated other police shootings, then Schluderberg would not have shot him. Royster fails to specify which, if any, shootings or lack or action by Defendants support this otherwise bald allegation. A single incident alone will not establish a policy or custom and requisite causal connection to a § 1983 deprivation of rights. *See City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985). The Court concludes the allegations against the BPD are insufficient for the claims to proceed, and will be dismissed.

    **2.**    **Supervisory Liability**

Royster does not allege that the Commissioner had any personal involvement in the incident at issue. In order to hold the Commissioner culpable under a theory of supervisory liability, Royster must show: 1) the Commissioner had actual or constructive knowledge that his

subordinate(s) was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as the plaintiff; 2) the Commissioner's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) there was an affirmative causal link between the Commissioner's inaction and the particular constitutional injury suffered by Plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Royster, however, does not allege the Commissioner had actual or constructive knowledge of misconduct, approved or tacitly approved such conduct, or that inaction resulted in injury to him. Consequently, the Complaint fails to state a claim for supervisory liability.

To the extent Royster might seeks to hold the Commissioner liable solely upon principles of respondeat superior,[4] respondeat superior does not apply in § 1983 proceedings. *See Monell*, 436 U.S. 658, 691 (1978); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Consequently, the Commissioner is entitled to dismissal.

### B. Mayor Sheila Dixon

Royster seeks to hold Mayor Dixon liable because it was "under her watch" when the incident took place "and "she knew about the corruption" of Baltimore City police officers "involving the shooting of the citizens of the City of Baltimore." Complaint, p. 4. Former Mayor Sheila Dixon moves for dismissal of the claims against her for failure to state a claim upon which relief can be granted.

Royster may not predicate liability against Mayor Dixon based on principles of respondeat superior because, as previously noted, respondeat superior does not apply in § 1983 proceeding. To the extent Royster wants to assert a supervisory liability claim, he fails to allege any "affirmative link" between Mayor Dixon and the alleged constitutional violation committed by her

6

subordinate(s) . *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  Nowhere does Royster "show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an 'an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.' " *Carter*, 164 F.3d at 221 (quoting *Shaw*, 13 F.3d at 799).  In short, Royster's general and unsupported allegation of fault fails to state a claim upon which relief may be granted and will be dismissed. [5]

### C. Sgt. Schluderberg and Officer DiPaola

In response to Royster's claims that Schluderberg assaulted him "in the first degree" when he shot him and falsely accused him of pointing his gun, Defendants Schluderberg and DiPaola move for dismissal for failure to state a claim and  failure to timely filed the required notice of claim required by law.   Defendants posit that Royster fails to support his legal conclusions with any allegations of fact.  They note that false accusation is not a crime in Maryland and therefore there is no entitlement to relief for such a claim.

#### 1. Maryland Local Government Tort Claims Act

Further, Defendants move for dismissal based on Royster's failure to comply the statutory notice requirements of Maryland's Local Government Tort Claims Act ("LGTCA").  Royster does not dispute that he failed to file the notice required by Maryland law, nor does he show good cause for his failure to do so.  ECF No. 23, Plaintiff's Reply.

The statute provides in relevant part at section 5-304(a) that: "[a]n action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md. Code Ann., Cts. &

---

[4]  Respondeat superior is a legal doctrine whereby an employer may be held responsible for its employees.
[5]  *See Thomas v. City of Annapolis*, 113 Md.App. 440, 457, 688 A.2d 448 (1997) (state tort claims act applies to all torts without distinction).  "[T]he notice is a condition precedent to the right to maintain [a] suit…." *Hargrove v Mayor and City Counsel*, 146 Md. App. 457, 462 (2002).

Jud. Proc. § 6-304(b) (1).   Consequently, Royster's state claims for assault, tort, or other state constitutional claims under the purview of the Local Government Tort Claim Act will be dismissed.

### 2. Federal Claims

Liberally construed, Royster alleges facts which if proven through discovery, could support an excessive force claim.  He alleges facts that suggest Defendants exceeded the scope of their employment, thus rendering dismissal of his claims for failure to comply with notice requirements inappropriate.  *See Downey v. Collins*, 866 F. Supp. 887, 890 (D. Md. 1994) (notice requirement does not apply to federal constitutional claims against police officer in an individual capacity); *Barnes v. Rawlings-Blake*, 2011 WL 2600646 (D. Md. 2011). [7]

## IV. CONCLUSION

For the reasons stated, Royster has failed to state a claim upon which relief can be granted against the BPD, the Commissioner, or former Mayor Dixon and the Complaint will be dismissed against these Defendants.   The claims against Sgt. Schluderberg and Officer DiPaola may proceed and their Motion to Dismiss will be denied.   Royster will be granted twenty-eight days to move for appointment of counsel. A separate Order follows.

September 6, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[7]   Defendants present a broad interpretation of the decision in *Luy v. Baltimore Police Department*, 326 F. Supp. 2nd 682 (D. Md 2004) and  which is not persuasive given the facts alleged in Royster's complaint.  This court is aware of no case precedent, and none is cited, which has adopted the interpretation of *Luy* urged here by Defendants.